IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | |
| **DARRELL D. DEFALCO,** : | |
| : | **Bankruptcy No. 05-38198-MBM** |
| Debtor. : | |
| ...........................................: | .......................................................................... |
| **Steven Taylor and Patricia Taylor,** : | Chapter 7 |
| Plaintiffs, : | |
| : | |
| v. : | **Adversary No. 06-2183-MBM** |
| : | |
| **Darrell D. DeFalco,** : | |
| Defendant. : | |

### **MEMORANDUM**

**AND NOW,** this **13th day** of **November, 2006**, upon consideration of the adversary complaint filed by Steven and Patricia Taylor (hereafter "the Taylors"), wherein they seek (a) to have their $12,500 pre-petition claim against Darrell DeFalco, the instant debtor (hereafter "the Debtor"), declared nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4), and (b) an award of reasonable attorney's fees for their prosecution of the instant adversary proceeding;

and after notice and a trial on the matter held on November 8, 2006,

it is **hereby determined that the Court shall issue an order to the effect** that (a) the Taylors' $12,500 claim is nondischargeable pursuant to § 523(a)(2)(A), that is such claim is thereby excepted from the Debtor's Chapter 7 discharge, and (b) the Taylors are also entitled to, and the Debtor shall thus pay to the Taylors, reasonable attorney's fees in an amount to be determined after the Taylors submit a written fee application to the Court. The rationale for

the Court's decision is briefly set forth below.

First, the Court holds that the Debtor is not a fiduciary within the meaning of § 523(a)(4), which holding, in turn, compels a holding that the Taylors' claim is not excepted from discharge pursuant to § 523(a)(4).

Second, the Court holds that the Taylors' claim is nondischargeable pursuant to § 523(a)(2)(A) on the basis that the Debtor fraudulently misrepresented to the Taylors, at the time when he obtained a $12,500 deposit from them for work to be done, that he intended to perform such work. Crucial to such decision by the Court are the following findings and/or conclusions:

(a)  The Debtor is individually liable to the Taylors with respect to their $12,500 claim because (i) the Debtor executed the relevant contracts with the Taylors in his personal capacity rather than in a corporate capacity on behalf of his wholly-owned corporation, and (ii) the Debtor is individually liable in any event for torts that he personally and actively commits on behalf of a corporation such as, for instance, the fraud which the Court finds that he committed upon the Taylors, see Donsco, Inc. v. Casper Corp., 587 F.2d 602, 606 (3rd Cir. 1978) (discussing Pennsylvania law); and

(b)  The Court can base its conclusion that the Debtor committed a fraud upon the Taylors solely upon the documentary evidence admitted into the record, as well as the oral testimony of the Debtor and the Taylors. However, the Court also found to be compelling – and, thus, supportive of the instant decision – the trial testimony of the three additional witnesses

2

produced by the Taylors, each of whom testified similarly that they gave the Debtor money upfront in return for a promise by the Debtor to perform services, which services were ultimately never performed. Such testimonial evidence was introduced by the Taylors to establish that the Debtor possessed an intent to defraud such witnesses and, thus, also possessed a similar intent subsequently with respect to the Taylors. The Debtor objected to the introduction of such testimony, which objection the Court overruled – and it believes properly – pursuant to Federal Rules of Evidence Rule 404(b). *See* Fed.R.Evid. 404(b), 28 U.S.C.A. (West 2001) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. *It may, however, be admissible for other purposes, such as proof of ... intent ....*").[1]

Finally, the Court's award of attorney's fees is allowable pursuant to Fed.R.Bankr.P. 7008(b) and 7054(b).

                                               **BY THE COURT**

                                       /s/
                                       **M. BRUCE McCULLOUGH,**
                                       **U.S. Bankruptcy Judge**

---

[1] "The Federal Rules of Evidence ... apply in cases under the [Bankruptcy] Code." Fed.R.Bankr.P. 9017, 11 U.S.C.A. (West 2005).

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : |
| **DARRELL D. DEFALCO,** | : |
| | : **Bankruptcy No. 05-38198-MBM** |
| Debtor. | : |
| ............................................................... | : .......................................................................... |
| **Steven Taylor and Patricia Taylor,** | : **Chapter 7** |
| Plaintiffs, | : |
| | : |
| v. | : **Adversary No. 06-2183-MBM** |
| | : |
| **Darrell D. DeFalco,** | : |
| Defendant. | : |

### ORDER OF COURT

**AND NOW,** this **13th day** of **November, 2006**, for the reasons set forth in the accompanying Memorandum of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that (a) the $12,500 claim of plaintiffs Steven and Patricia Taylor (hereafter "the Taylors") is **NONDISCHARGEABLE pursuant to § 523(a)(2)(A)**, that is such claim is thereby excepted from the Chapter 7 discharge of Darrell DeFalco, the instant debtor (hereafter "the Debtor"), and (b) **the Taylors are entitled to**, and the Debtor shall thus pay to the Taylors, **reasonable attorney's fees** in an amount to be determined after the Taylors submit a written fee application to the Court.

**BY THE COURT**

　/s/　　　　　　　　　　　　　　　
**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

cm: Robert A. Felkay
Suite 820 Grant Building
330 Grant Street
Pittsburgh, PA 15219

John J. Romza, Esq.
Covelli Law Offices
357 Regis Avenue
Pittsburgh, PA 15236

Charles O. Zebley Jr., Esq.
Chapter 7 Trustee
P. O. Box 2121
Uniontown, PA 15401